UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14387-RAR

**CHRISTOPHER WILLIAMS**,

    Petitioner,

v.

**RICKY D. DIXON, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS**,

    Respondent.
_____/

**ORDER DISMISSING 28 U.S.C. § 2254 PETITION**

    **THIS CAUSE** is before the Court upon a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which the Petitioner, Christopher Williams, attacks the constitutionality of a sentence imposed by the Nineteenth Judicial Circuit Court in and for St. Lucie County, Florida, Case No. 2000-CF-001857B. *See* Petition ("Pet."), [ECF No. 1]. After conducting a preliminary review as required by Rule 4 of the Rules Governing Section 2254 Proceedings, the Court found that the Petition "may be untimely under the provisions of 28 U.S.C. § 2244(d)." Limited Order to Show Cause, [ECF No. 3], at 1. "In an abundance of caution," the Court instructed Respondent "to show cause as to whether the Petition is timely." *Id.* The Respondent timely filed a Response "requesting respectfully that the Petition be dismissed as untimely." Response ("Resp."), [ECF No. 8], at 1.

    After considering the Petition and Response, the Court agrees with Respondent that the instant Petition is time-barred under § 2244(d) and must be **DISMISSED**.

## **PROCEDURAL HISTORY**

Petitioner was charged by Information with eight counts: robbery with a firearm while wearing a mask (Count 1); burglary of a structure with an assault or battery while armed and wearing a mask (Count 2); aggravated assault with a firearm while wearing a mask (Count 3); third-degree grand theft while wearing a mask (Count 4); possession of a firearm by a convicted felon while wearing a mask (Count 5); burglary of an occupied dwelling (Count 6); resisting an officer without violence (Count 7); and felony fleeing or eluding (Count 8). *See* Information, [ECF No. 9-1], at 2–4. On January 25, 2001, a St. Lucie County jury found Petitioner guilty of Counts 2, 3, 4, 5, 6, and 7 as charged in the information and of two lesser-included offenses—robbery on Count 1 and failure to stop on Count 8. *See* Verdict, [ECF No. 9-1], at 6–9. That same day, the trial court adjudicated Petitioner guilty of these offenses and sentenced him to a total term of life in prison. *See* Judgment and Sentencing Orders, [ECF No. 9-1], at 11–28.

Petitioner appealed his conviction and sentences to Florida's Fourth District Court of Appeal (the "Fourth DCA"). *See* Direct Appeal Notice of Appeal, [ECF No. 9-1], at 30. On **February 6, 2002**, the Fourth DCA summarily affirmed the trial court in an unwritten opinion. *See Williams v. State*, 808 So. 2d 228 (Fla. 4th DCA 2002). Petitioner did not seek certiorari review with the United States Supreme Court.

Over the next twenty years, Petitioner filed several postconviction motions for collateral review. Petitioner first filed a motion for postconviction relief under FLA. R. CRIM. P. 3.850 (the "First 3.850 Motion") on **March 13, 2002**.[1] *See* [ECF No. 9-1] at 84–105. On October 29, 2002, the state postconviction court granted an evidentiary hearing on the claims raised in the First 3.850

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Motion. *See* Order Granting Evidentiary Hearing, [ECF No. 9-1], at 164–68. After holding this hearing, the state postconviction court found that Petitioner had failed to demonstrate that trial counsel rendered ineffective assistance of counsel and denied the First 3.850 Motion. *See* Order Denying First 3.850 Motion, [ECF No. 9-1], at 176. Petitioner appealed the denial of the First 3.850 Motion to the Fourth DCA, but the Fourth DCA affirmed in an unwritten opinion on June 8, 2005; mandate issued on **June 24, 2005**. *See Williams v. State*, 903 So. 2d 947 (Fla. 4th DCA 2005).

On **September 29, 2005**, Petitioner filed a second Rule 3.850 Motion. *See* Second Rule 3.850 Motion, [ECF No. 9-2], at 2–44. The state postconviction court denied the Second Rule 3.850 Motion as untimely and successive on January 12, 2006. *See* Order Denying Second Rule 3.850 Motion, [ECF No. 9-2], at 69–70 ("[T]he Defendant admits that he has previously filed a motion for postconviction relief, which was denied and affirmed on appeal. . . . As such, this Court is justified in denying the current motion as untimely and procedurally barred."). The state postconviction court then denied Petitioner's motion for rehearing on March 6, 2006, finding that "it is clear from the record that no leave to amend was granted, and the Defendant's current motion was untimely." Order Denying Motion for Rehearing, [ECF No. 9-2], at 72. Petitioner appealed, the Fourth DCA affirmed, and the mandate issued on **August 25, 2006**. *See Williams v. State*, 935 So. 2d 17 (Fla. 4th DCA 2006).

On **April 2, 2007**, Petitioner filed a "Petition for Writ of Habeas Corpus" (the "First Habeas Petition") in the state postconviction court. *See* First Habeas Petition, [ECF No. 9-2], at 127–45. On **April 18, 2007**, the state postconviction court dismissed the First Habeas Petition, finding that the First Habeas Petition was merely an untimely and successive Rule 3.850 motion. *See* Order Dismissing First Habeas Petition, [ECF No. 9-2], at 163 ("'A petition for habeas corpus may not

be used to collaterally attack a criminal judgment and sentence because [Rule 3.850] has superseded habeas corpus as the only means to raise such issues.' . . . Defendant had only until February 22, 2004, to file all his claims pursuant to Rule 3.850 unless his claims meet an exception to that rule, and Defendant's do not." (quoting *Washington v. State*, 876 So. 2d 1233, 1234 (Fla. 5th DCA 2004)). Petitioner did not appeal the dismissal of his First Habeas Petition, and instead filed another "Petition for Writ of Habeas Corpus" (the "Second Habeas Petition") on **July 16, 2007**. *See* Second Habeas Petition, [ECF No. 9-2], at 166–173. The state postconviction court again construed the Second Habeas Petition as an untimely and successive Rule 3.850 motion and, on **August 6, 2007,** denied the Second Habeas Petition. *See* Order Denying Second Habeas Petition, [ECF No. 9-2], at 185–86. Petitioner did not appeal this denial either.

On **August 18, 2007**, Petitioner filed his third Petition for Writ of Habeas Corpus (the "Third Habeas Petition"), this time with the Florida Supreme Court. *See* Third Habeas Petition, [ECF No. 9-2], at 189–98. The Florida Supreme Court promptly transferred the Third Habeas Petition to the Fourth DCA. *See* Order Transferring Third Habeas Petition, [ECF No. 9-2], at 221. The Fourth DCA denied the Third Habeas Petition on October 31, 2007, and its mandate issued on **November 28, 2007**. *See Williams v. State*, 967 So. 2d 923 (Fla. 4th DCA 2007).

On **December 19, 2007**, Petitioner filed an "Emergency Petition for Writ of Habeas Corpus" (the "Fourth Habeas Petition") in the state postconviction court. *See* Fourth Habeas Petition, [ECF No. 9-2], at 227–34. Once again, the state postconviction court construed the Fourth Habeas Petition as a Rule 3.850 motion since "[h]abeas corpus petitions are not the proper vehicle for claims that could have been raised in a Rule 3.850 motion." Order Denying Fourth Habeas Petition, [ECF No. 9-2], at 241. Although the state postconviction court found that Petitioner "raise[d] a jurisdictional claim which is an exception to [Rule 3.850's] time limit[,]" it still denied

the motion on its merits. *Id.* at 241–42.  Petitioner appealed the denial of the Fourth Habeas Petition, but the Fourth DCA affirmed on February 11, 2009. *See Williams v. State*, 3 So. 3d 1266 (Fla. 4th DCA 2009).  The Fourth DCA's mandate issued on **April 17, 2009**. *See* Fourth Habeas Petition Mandate, [ECF No. 9-3], at 4.

On **February 20, 2008**, Petitioner filed yet another "Emergency Petition for Writ of Habeas Corpus" (the "Fifth Habeas Petition"). *See* [ECF No. 9-3] at 6–12.  On **September 14, 2008**, the state postconviction court construed the Fifth Habeas Petition as a Rule 3.850 motion and denied it after finding that the pleading was "frivolous and abusive."  Order Denying Fifth Habeas Petition, [ECF No. 9-3], at 25.  Petitioner did not appeal this decision.

On **June 25, 2009**, Petitioner filed a Motion to Correct an Illegal Sentence pursuant to Fla. R. Crim. P. 3.800(a) (the "First 3.800(a) Motion"). *See* [ECF No. 9-3] at 30–34.  The state postconviction court found that the claims raised in the First 3.800(a) Motion "must be brought under Rule 3.850 . . . because it is not cognizable pursuant to Rule 3.800(a)."  Order Denying First 3.800(a) Motion, [ECF No. 9-3], at 38.  It then denied the First 3.800(a) Motion since "[t]he defendant's motion cannot be brought under [Rule 3.850] because the time to file under that rule expired." *Id.*  Petitioner appealed, but the Fourth DCA affirmed on October 20, 2010, and issued its mandate on **November 19, 2010**. *See Williams v. State*, 46 So. 3d 1015 (Fla. 4th DCA 2010).

Petitioner filed another Rule 3.800(a) motion (the "Second Rule 3.800(a) Motion") on **February 2, 2010**. *See* Second Rule 3.800(a) Motion, [ECF No. 9-3], at 48–50.  This time, the state postconviction court found that the Second Rule 3.800(a) Motion was procedurally proper but still denied it on its merits. *See* Order Denying Second Rule 3.800(a) Motion, [ECF No. 9-3], at 54.  Petitioner appealed, the Fourth DCA affirmed on October 19, 2011, and the mandate issued on **December 28, 2011**. *See Williams v. State*, 73 So. 3d 780 (Fla. 4th DCA 2011).

On **January 3, 2012**, Petitioner filed another Rule 3.800(a) motion (the "Third Rule 3.800(a) Motion"). *See* [ECF No. 9-3] at 64–67. The state postconviction court found that "Defendant's claim is not cognizable pursuant to rule 3.800(a)" and that "Defendant's claim cannot be addressed pursuant to rule 3.850 because the time to file a timely claim under that rule expired in 2004." Order Denying Third Rule 3.800(a) Motion, [ECF No. 9-3], at 94. Although Petitioner filed a notice of appeal, he decided to voluntarily dismiss that appeal on March 20, 2012. *See* Notice of Voluntary Dismissal, [ECF No. 9-3], at 100. The Fourth DCA dismissed the appeal on **March 27, 2012**. *See* Order Granting Voluntary Dismissal, [ECF No. 9-3], at 102.

On **February 10, 2012**, Petitioner filed a third Rule 3.850 motion (the "Third Rule 3.850 Motion"). *See* [ECF No. 9-3] at 104–15. Petitioner specifically argued that the Third Rule 3.850 Motion was timely because it relied on the "newly discovered" affidavit of the co-defendant who recanted his trial testimony. *See id.* at 113. The state postconviction court dismissed the Third Rule 3.850 Motion without prejudice and allowed Petitioner to file an amended motion that "allege[d] when he discovered that the co-Defendant had recanted his testimony or that he could not have previously discovered such a recantation." Order Dismissing Third Rule 3.850 Motion, [ECF No. 9-3], at 124. Petitioner amended the Third Rule 3.850 Motion twice: once while proceeding *pro se*, *see* Amended Third Rule 3.850 Motion, [ECF No. 9-3], at 127–34, and again after counsel was appointed to represent him, *see* Second Amended Third Rule 3.850 Motion, [ECF No. 9-3], at 148–49. Petitioner's newly-amended Third Rule 3.850 Motion no longer argued that the co-defendant renounced his trial testimony and instead alleged that his trial counsel failed to convey a "20 year plea offer" that the State had offered Petitioner. *Id.* at 148. On **August 19, 2013**, the state postconviction court denied the Third Rule 3.850 Motion, finding that the Motion was "totally devoid of merit" and that Petitioner's claims were "patently false." Order Denying

Third Rule 3.850 Motion, [ECF No. 9-3], at 165, 167. Based on Petitioner's history of filing "meritless pleadings," the state postconviction court "prohibited [Petitioner] from filing pro se pleadings, motions, and petitions in this case attacking his judgment and sentence." Order Prohibiting Defendant from Filing Pro Se Pleadings, [ECF No. 9-3], at 180. Petitioner did not appeal this decision.

While the Third Rule 3.850 Motion was pending, Petitioner filed another Rule 3.800(a) motion (the "Fourth Rule 3.800(a) Motion") on **March 20, 2012**. *See* Fourth Rule 3.800(a) Motion, [ECF No. 9-3], at 242–46. The state postconviction court found that the Fourth Rule 3.800(a) Motion was duplicative of the Third Rule 3.800(a) Motion and, thus, had to be construed as an untimely Rule 3.850 motion. *See* Order Denying Fourth Rule 3.800(a) Motion, [ECF No. 9-3], at 252 ("This claim may not be raised in a rule 3.800(a) motion. Further, the Defendant's claim cannot be addressed pursuant to rule 3.850 because the time to file a timely claim under that rule expired in 2004." (internal citations omitted)). Petitioner appealed, the Fourth DCA affirmed, and the mandate issued on **April 19, 2013**. *See Williams v. State*, 110 So. 3d 467 (Fla. 4th DCA 2013).

On **September 4, 2018**, Petitioner, through counsel, filed a Rule 3.800(a) motion (the "Fifth Rule 3.800(a) Motion"). The state postconviction court denied the Fifth Rule 3.800(a) Motion. *See* Order Denying Fifth Rule 3.800(a) Motion, [ECF No. 9-4], at 60. Petitioner appealed, the Fourth DCA affirmed, and the mandate issued on **January 3, 2020**. *See Williams v. State*, 288 So. 3d 60 (Fla. 4th DCA 2019).

On **December 3, 2021**, Petitioner filed a counseled Rule 3.850 motion (the "Fourth Rule 3.850 Motion"). *See* [ECF No. 9-4] at 200–32. The state postconviction court denied the Fourth Rule 3.850 Motion after (once again) finding that it was untimely and improperly successive. *See* Order Denying Fourth Rule 3.850 Motion, [ECF No. 9-5], at 3 ("The Defendant does not allege

and this Court does not find any reason why this claim should not have been raised in a timely rule 3.850 [motion]. . . . [T]he Defendant has been consistently filing post conviction pleadings for the last twenty years."). Petitioner appealed, the Fourth DCA affirmed, and the mandate issued on **October 6, 2023**. *See Williams v. State*, 372 So. 3d 263 (Fla. 4th DCA 2023).

The instant Petition was filed on **December 4, 2023**. *See* Pet. at 15.

## ANALYSIS

### A. *The Petition is Untimely Under 28 U.S.C. § 2244(d)(1)(A)*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations for state prisoners to bring § 2254 petitions in federal court. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). That limitation period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). AEDPA's limitations period is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." *Id.* § 2244(d)(2). To be "properly filed," as that term is used, a postconviction motion's "delivery and acceptance [must be] in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

A judgment becomes final under § 2244(d)(1)(A) when "[the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). As the Eleventh Circuit has explained, "the time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate." *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up). Stated plainly, for petitioners who do not (or cannot) seek discretionary review from the Florida Supreme Court, their judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence unless the petitioner files a petition for writ of certiorari with the Supreme Court of the United States. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006). Here, Petitioner's conviction was affirmed by the Fourth DCA in an unwritten opinion on **February 6, 2002**. *See Williams*, 808 So. 2d at 228. Since Petitioner did not file a petition for writ of certiorari, his judgment became final 90 days later, on **May 7, 2002**.

Normally, AEDPA's statute of limitations would have began to run the next day, May 8, 2002, "because that is when the time for seeking Supreme Court review expired." *Chavers*, 468 F.3d at 1275. However, Petitioner filed the First 3.850 Motion—his first "application for State post-conviction or collateral review"—on **March 13, 2002**, two months <u>before</u> his judgment

became final on May 7, 2002.  *See* First 3.850 Motion, [ECF No. 9-1] at 84–105.  That means the AEDPA clock remained tolled until "the state's highest court issue[d] its mandate disposing of the motion for post-conviction relief." *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). The Fourth DCA's mandate affirming the denial of the First 3.850 Motion issued on **June 24, 2005**.  *See* First 3.850 Motion Mandate, [ECF No. 9-1], at 240.  Accordingly, § 2244(d)(1)(A)'s limitations period began to run on **June 25, 2005**.  *See* FED. R. CIV. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period.").

Respondent agrees with all these calculations so far, but insists that the "federal habeas clock expired on June 25, 2006, because neither a federal habeas petition nor a 'properly filed' tolling motion was filed before that date." Resp. at 19.  Respondent reasons that the Second 3.850 Motion, which was filed on **September 29, 2005**, "did not toll the time for filing a federal petition because it was untimely under Florida law," and that each one of Petitioner's "subsequent state court filings . . . were all filed after June 25, 2006." *Id.* at 18–19.  The Court agrees.

A state postconviction motion will only toll AEDPA's limitations period if it is "properly filed."  28 U.S.C. § 2244(d)(2).  Both the Supreme Court and the Eleventh Circuit have unambiguously held that, when a state court finds that a postconviction motion is untimely under state law, that motion is not "properly filed" and cannot toll AEDPA's limitations period under § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [postconviction motion] as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1352 (11th Cir. 2018) ("[A] state post-conviction motion is not, and cannot ever be, 'properly filed' if it was rejected by the state court as untimely.").  The state postconviction court explicitly found that the

Second 3.850 Motion was "untimely and procedurally barred," Order Denying Rule 3.850 Motion, [ECF No. 9-2], at 70, and then reiterated its finding that the "current motion was untimely" in an order denying rehearing, Order Denying Motion for Rehearing, [ECF No. 9-2], at 72. The denial of the Second 3.850 Motion as untimely was affirmed by the Fourth DCA. *See Williams*, 935 So. 2d at 17. Since the state court found that the Second 3.850 Motion was untimely "that is the end of the matter and the motion cannot be considered a tolling motion[.]" *Jones*, 906 F.3d at 1353 (internal quotations omitted).[2]

Under the "anniversary method," AEDPA's limitations period expires "on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Since the § 2244(d)(1)(A) limitations period began to run on **June 25, 2005**, the one-year statute of limitations expired on **June 25, 2006**, unless Petitioner had a "properly filed" application for collateral review pending before the state court during this time. As the Court just discussed, the only postconviction motion Petitioner had filed in this one-year window was the untimely Second 3.850 Motion that did not toll AEDPA's limitations period. Since the entire one-year period under § 2244(d)(1)(A) had elapsed before Petitioner could either file this Petition or toll the limitations period with a "properly filed" state postconviction motion,[3] the Petition was filed far more than one year after

---

[2] The state postconviction court found that many of Petitioner's other postconviction motions were untimely under state law. After reviewing the record, the Court finds that the Second 3.850 Motion, the First Habeas Petition, the Second Habeas Petition, the First 3.800(a) Motion, the Third 3.800(a) Motion, the Fourth 3.800(a) Motion, and the Fourth 3.850 Motion were all denied as untimely. *See* Order Denying Second Rule 3.850 Motion, [ECF No. 9-2], at 70; Order Dismissing First Habeas Petition, [ECF No. 9-2], at 163; Order Denying Second Habeas Petition, [ECF No. 9-2], at 185–86; Order Denying First 3.800(a) Motion, [ECF No. 9-3], at 38; Order Denying Third Rule 3.800(a) Motion, [ECF No. 9-3], at 94; Order Denying Fourth Rule 3.800(a) Motion, [ECF No. 9-3], at 252; Order Denying Fourth Rule 3.850 Motion, [ECF No. 9-5], at 3. Accordingly, none of these seven motions were "properly filed" and none of them tolled AEDPA's limitations period. *See Pace*, 544 U.S. at 417; *Jones*, 906 F.3d at 1352–53.

[3] The Court finds that Petitioner's next "properly filed application for State post-conviction or other collateral review" after the First 3.850 Motion was the Third Habeas Petition filed on **August 18, 2007**.

Petitioner's judgment became final and is untimely under § 2244(d)(1)(A). *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

### B. *No Other Timeliness Exception Applies*

"Even if a Petition is untimely under § 2244(d)(1)(A), there are at least three ways a habeas petitioner can overcome [AEDPA's] time-bar." *Alexander v. Dixon*, No. 23-CV-60262, 2023 WL 2646262, at *4 (S.D. Fla. Mar. 27, 2023). *First*, the petitioner can "show that his petition was properly filed within one year of the three alternative AEDPA limitation periods." *Id.* (citing 28 U.S.C. § 2244(d)(1)(B)–(D)). *Second*, the petitioner can rely on "equitable tolling" by showing that some "extraordinary circumstance" prevented him from filing a timely petition even though he was "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *Third*, the petitioner can attempt to meet the "actual innocence" exception by proffering the existence of "new reliable evidence that was not presented at trial" and that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). If the petitioner intends to avail himself of any of these exceptions, he must affirmatively allege that they apply and prove that he is entitled to rely on them. *See Camacho-Villanueva v. Dixon*, No. 23-CV-14186, 2023 WL 8527101, at *6 (S.D. Fla. Dec. 8, 2023) ("Because a habeas petitioner 'has the burden of establishing his right to

---

*See* Third Habeas Petition, [ECF No. 9-2], at 189–98; *see also supra* note 2 (listing untimely postconviction motions that were not "properly filed" and could not toll the statute of limitations). Of course, the Third Habeas Petition was filed more than a year <u>after</u> § 2244(d)(1)(A)'s limitations period ended on **June 25, 2006**, so it had no effect on the timeliness of the instant Petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

federal habeas relief,' Camacho must (at the very least) allege that his Petition is timely under one of these alternative methods." (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).

Neither the limitations periods set forth in § 2244(d)(1) apply nor the actual innocence exception apply. Petitioner's sole ground for relief is that trial counsel "was ineffective during the trial proceedings for failing to timely request the trial court to conduct a bifurcated jury trial." Pet. at 5. This claim does not rely on an "impediment to filing an application created by State action," a "newly recognized" constitutional right, or a "factual predicate . . . [that] could [not] have been discovered [earlier] through the exercise of due diligence," so the Petition cannot be considered timely under the alternative limitations periods. 28 U.S.C. § 2244(d)(1)(B)–(D); *see also Alexander*, 2023 WL 2646262, at *4 (same). And, since Petitioner has not presented any "new" evidence showing that he is factually innocent of the charged offenses, he cannot avail himself of the actual innocence exception. *See Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995))).

That leaves equitable tolling as the sole avenue by which the Petition can be timely. Petitioner argues that he was precluded from raising his claim earlier because his postconviction counsel "was ineffective for failing to raise and argue a claim of ineffective assistance of trial counsel which is apparent on the face of the record." Pet. at 5. Even if true, postconviction counsel's failure to raise this claim in earlier state-court collateral proceedings does not establish equitable tolling. The Court finds that Petitioner did not "pursu[e] his rights diligently" since he waited over <u>seventeen years</u> after AEDPA's limitations period expired to raise a claim that—in his own words—was "obvious" from the face of the record. *Holland*, 560 U.S. at 649. Moreover,

"attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005).

Undeterred, Petitioner insists that his claim is untimely under the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012) since he "lost" the ability to present this claim earlier due to postconviction counsel's alleged ineffectiveness during collateral proceedings. *See* Pet. at 13–14. But this same argument has been rejected in binding Eleventh Circuit precedent. In *Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014), the court found that "the *Martinez* rule explicitly relates to excusing a <u>procedural default</u> of ineffective-trial-counsel claims and <u>does not</u> apply to AEDPA's statute of limitations or the tolling of that period." *Id.* at 630 (emphasis added); *see also United States v. Williams*, No. 22-11490, 2023 WL 195964, at *2 (11th Cir. Jan. 17, 2023) ("The exception in *Martinez* is not about timeliness."). In other words, while the *Martinez* exception might be able to excuse a procedural default (such as when a habeas petitioner fails to properly exhaust his claim in state-court proceedings), it cannot save a patently untimely claim such as this one.

Since the Petition was filed over seventeen years too late—and is not timely under any other statutory or equitable exception—the Petition must be **DISMISSED** as untimely.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims" the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not find the Court's procedural ruling that the Petition is untimely to be debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **DISMISSED** as untimely. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami Florida, this 12th day of January, 2024.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

     Christopher Williams
     DC # 888553
     Martin Correctional Institution
     Inmate Mail/Parcels
     1150 SW Allapattah Road
     Indiantown, FL 34956
     PRO SE